IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| S.J. LOUIS CONSTRUCTION OF TEXAS, LTD., | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:19-CV-353-A |
| MIGUEL A. HERNANDEZ, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, S.J. Louis Construction of Texas, Ltd., to dismiss the counterclaim(s) asserted by defendant, Miguel A. Hernandez. The court, having considered the motion, defendant's response, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Nature of the Case and Counterclaim

On April 29, 2019, plaintiff filed its complaint in this action seeking declaratory and affirmative relief regarding the terms of the S.J. Louis Construction of Texas, Ltd., Deferred Compensation Plan (the "Plan"). Doc.[1] 1. Plaintiff alleges that this is an action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1061 ("ERISA").

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Plaintiff alleges: Plaintiff employed defendant as a foreman/team leader from September 26, 1999, until August 2, 2018, when he resigned. Doc. 1, ¶¶ 9, 10. Defendant elected to participate in the Plan. Id. ¶ 13. By virtue of his position, defendant had access to and knowledge of plaintiff's proprietary and confidential information. Id. ¶ 19. The Plan required that defendant keep such information confidential, id. ¶¶ 17-18, and that his failure to do so would result in his forfeiting benefits thereunder. Id. ¶ 20. The Plan also prohibited defendant from soliciting customers, suppliers, or employees of plaintiff, with loss of benefits if he did so. Id. ¶¶ 22-24. The Plan also provided for forfeiture of benefits if defendant was or could have been terminated for cause. Id. ¶ 26. Defendant convinced those who worked for him to go to work for a competitor for whom defendant also went to work. Id. ¶¶ 35-36. Plaintiff issued a notice of forfeiture of Plan benefits to defendant. Id. ¶42. Defendant has threatened to sue plaintiff. Id. ¶¶ 48-50.

Plaintiff seeks a declaration that the forfeiture provisions of the Plan are enforceable and that it acted lawfully in forfeiting defendant's benefits. It also seeks to recover attorney's fees and court costs.

On June 5, 2019, plaintiff filed his answer, affirmative defenses and counterclaims. Doc. 14. The part of the document

labeled "Counterclaim" contains seven paragraphs that do not appear to assert any claims against plaintiff although it mentions in a conclusory way "false light," id. at 23, ¶ 5, "emotions [sic] distress," id. ¶ 6, and "unjust enrichment," id. ¶ 7. In his response to the motion to dismiss, defendant says that he has brought counterclaims for unlawful covenant not to compete, fraudulent inducement, and unjust enrichment. Doc. 25 at 2. In a footnote he says that he does not intend to pursue the unidentified claims in paragraphs 4, 5, and 6 of the counterclaim. Id. n.1.

II.

Grounds of the Motion

Plaintiff alleges that defendant's state law counterclaims, to the extent he purports to assert any, are preempted by ERISA. In addition, it says that defendant has failed to plead any plausible claims against it.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

3

notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for

4

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading

5

"the who, what, when, where, and how" of the events constituting the purported fraud. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. <u>Frith v. Guardian Life Ins. Co. of Am.</u>, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Statutory claims based on allegations of fraud, such as violations of the Texas Insurance Code, the TDCA, and the Texas DTPA, as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). <u>Motten v. Chase Home Fin.</u>, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011); <u>Berry v. Indianapolis Life Ins. Co.</u>, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); <u>Frith</u>, 9 F. Supp. 2d at 742.

IV.

Analysis

As noted, <u>supra</u>, defendant's counterclaim contains only conclusory allegations that may or may not assert affirmative claims.[2] Despite his recognition of the proper test, Doc. 25 at 7, the counterclaim is devoid of any facts that would put plaintiff on notice as to what conduct supports the claims. He

---

[2]Defendant himself seems uncertain, noting that several of the allegations "could also be properly considered . . . as affirmative defenses." Doc. 25 at 10.

makes no attempt to set forth the "who, what, when, where, and how" of the fraudulent inducement claim. Instead, he posits that after conducting discovery he may be able to prove the allegations, id. at 11, overlooking that the facts giving rise to the fraud are within his personal knowledge. He does not seek leave to amend;[3] nor does he allege that he could amend to properly state facts to support any claim against plaintiff.

Defendant devotes a large portion of his response to the confusing argument that the motion cannot be granted inasmuch as it is actually a motion for summary judgment. Doc. 25 at 2-6. The court has not been asked to take any matters outside the pleadings into consideration. But, even if it had, consideration of the Plan, the operative document and subject of the complaint, would have been appropriate. See, e.g., Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

Here, plaintiff has properly pleaded the existence of an ERISA plan, which appears to be conceded by defendant's answer. ERISA preempts state law claims that address matters such as the right to receive benefits that directly affect the relationship among the employer, the plan and its fiduciaries, and the beneficiaries and participants in the plan. 29 U.S.C. § 1144(a);

---

[3]Instead, defendant puts the burden on the court to determine whether he has pleaded sufficiently. Doc. 25 at 11. He has not filed an appropriate motion, Local Civil Rule LR 15.1.

FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990); Woods v. Texas Aggregates, L.L.C., 459 F.3d 600, 602 (5th Cir. 2006). The court questions whether defendant has stated a claim under any law. But, to the extent he might have asserted any state law claim, such claim would be preempted by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 61-63 (1987); Anderson v Electronic Data Sys. Corp., 11 F.3d 1311, 1313-14 (5th Cir. 1994); Hogan v. Kraft Foods, 969 F.2d 142, 144-45 (5th Cir. 1992).

V.

Order

The court ORDERS that plaintiff's motion to dismiss counterclaims be, and is hereby, granted, and defendant's counterclaims be, and are hereby, dismissed.

SIGNED August 7, 2019.

_____
JOHN McBRYDE
United States District Judge